**Kambiz BAZAZI**

v.

**Leo MICHAUD, individually; Leo Michaud, d/b/a Plymouth Martial Arts Academy; James Shortridge.**

**No. CV–93–70–SD.**

United States District Court, D. New Hampshire.

April 19, 1994.

---

Edward M. Van Dorn, Jr., Hanover, NH, for plaintiff.

Wilfred J. Desmarais, Jr., Manchester, NH, for defendant.

## ORDER

DEVINE, Senior District Judge.

Plaintiff Kambiz Bazazi brings this diversity action against defendants Leo Michaud, individually; Leo Michaud, d/b/a Plymouth Martial Arts Academy (Academy), and James Shortridge alleging claims for battery, negligence, breach of duty to warn, breach of implied warranty, and misrepresentation. These claims are related to injuries allegedly suffered by plaintiff in the course of a sparring match at the Academy between plaintiff and defendant Shortridge.

In its order of March 2, 1994, this court noted, apparently erroneously, that the instant case was stayed because of bankruptcy proceedings, and instructed the clerk of court to statistically close the case. This court further stated, "should further proceedings become necessary, any party may move to reopen."

The parties now seek to reopen the case based on the February 28, 1994, order of Judge George C. Paine II of the United States Bankruptcy Court for the Middle District of Tennessee lifting the automatic stay provisions to permit Bazazi to proceed with his personal injury claim against Michaud.

The court herewith grants the joint motion to reopen.

Now before the court is plaintiff's motion for judgment on the pleadings, which the court construes as a motion to strike certain of defendants' affirmative defenses pursuant to Rule 12(f), Fed.R.Civ.P. Defendants object to said motion.

Plaintiff seeks an order striking the following affirmative defenses set forth in defendants' answer to the original complaint:

1. That plaintiff assumed the risk of injury by participating in a karate class.

2. That plaintiff assumed the risk of injury by conducting himself in an aggressive and dangerous manner during the sparring match in which he alleges he was injured.

. . . .

4. That plaintiff was engaged in mutual combat.

5. That plaintiff was acting outside the scope of "James'" consent and that plaintiff was committing assault and battery at the time of his alleged injury.

In New Hampshire, the defense of assumption of the risk has been supplanted by the doctrine of comparative fault set forth at New Hampshire Revised Statutes Anno-

tated (RSA) 507:7–d (Supp.1993).[1] *See England v. Tasker,* 129 N.H. 467, 470, 529 A.2d 938, 940 (1987) ("The assumption of the risk doctrine ... has little vitality today in light of the trend towards comparative negligence. *See, e.g.,* RSA 507:7–d (Supp.1986).").

The court herewith grants the motion to strike defenses nos. 1 and 2.

 Defendants have not presented, nor has the court discovered, any New Hampshire tort cases involving the defense of mutual combat. Accordingly, and considering the similarity of the mutual combat defense and the defense of assumption of the risk, the court finds that RSA 507:7–d (Supp.1993) also supplants the defense of mutual combat.

The court herewith grants the motion to strike defense 4.

Plaintiff argues, "Though [defense] no. 5 may state a defense or justification of a battery, it is not recognized as a defense to Plaintiff's negligence, breach of warranty, and misrepresentation claims." Plaintiff's Motion at 2.

"The plaintiff's consent to the contact with his person will prevent liability for a battery." 6 Am.Jur.2d *Assault and Battery* § 155 (Supp.1994) (citing Restatement (Second) of Torts § 13, cmt. d (1965)). The court herewith denies plaintiff's motion to strike defense no. 5 insofar as it states the defense of consent to plaintiff's claim for battery.

Based on RSA 507:7–d, the court finds that defense no. 5 is inapplicable to plaintiff's claims for negligence and misrepresentation. The relationship, if any, between plaintiff's breach of warranty claim and defense no. 5 has not been sufficiently briefed.[2] The court herewith grants the motion to strike defense no. 5 as to plaintiff's claims for negligence and misrepresentation and denies said motion as to plaintiff's claim for breach of warranty.

---

1. RSA 507:7–d provides:
   *Contributory fault shall not bar recovery in an action by any plaintiff or plaintiff's legal representative, to recover damages in tort for death, personal injury or property damage, if such fault was not greater than the fault of the defendant, or the defendants in the aggregate if recovery is allowed against more than one defendant, but the damages awarded shall be*

*Conclusion*

For the reasons stated herein, the court (1) grants the joint motion to reopen (document 25) and (2) grants plaintiff's motion to strike (document 24) as to defenses nos. 1, 2, and 4, and as to defense no. 5 insofar as said defense pertains to plaintiff's claims for negligence and misrepresentation. The court denies the motion to strike as to defense no. 5 insofar as said defense pertains to plaintiff's claims for battery and breach of warranty. The court reminds the parties that any issues raised in plaintiff's motion which remain may be addressed in their requests for jury instructions.

SO ORDERED.

*diminished in proportion to the amount of fault attributed to the plaintiff by general verdict. The burden of proof as to the existence or amount of fault attributable to a party shall rest upon the party making such allegation.*

2. The court notes that plaintiff has thus far failed to specify any authority for such a claim.